## Doane & Co. v. Garretson.

1. Chattel mortgage: GARNISHMENT OF MORTGAGEE. The mortgagor of chattels has an equity of redemption therein, even after the conditions of the mortgage have been broken; and a mortgagee who has taken possession of the property after such breach, is liable to garnishment at the suit of a creditor of the mortgagor for any surplus remaining after the payment of the mortgage.

2. Evidence: INVOICE. An invoice of merchandise, the prices upon which a witness testifies he carried out and was acquainted with at the time the invoice was taken, is admissible to show the value of the goods in a proceeding to compel the mortgagee to account for the value of the property in excess of the amount of his mortgage.

3. Landlord's lien: DISCHARGE OF BY MORTGAGEE AFTER GARNISHMENT. A landlord's lien attaches upon goods kept for sale, as the rent accrues, rather than from the commencement of proceedings to enforce the lien. It was accordingly *held*, that a mortgagee of merchandise, which he afterward takes possession of, may, after being garnished by a creditor of the mortgagor for the surplus remaining after the payment of the mortgage, pay over to the landlord of the mortgagor the rent in arrear for the building in which the goods were when the mortgagee took possession.

*Appeal from Washington District Court.*

TUESDAY, MAY 5.

THE plaintiffs, holding a judgment against one Ralph Dewey, seek by garnishment process to subject thereto certain property or credits of their debtor in the hands of the defendant. Defendant denies having in his hands property of Dewey, or being indebted to him in any

amount. An issue is made by plaintiff upon this denial. A trial and verdict was had, and a judgment thereon for $806.86 rendered against defendant, who appeals to this court.

The other facts of the case appear in the opinion.

*Patterson & Rhinehart* for the appellant.

*H. & W. Schofield* for the appellees.

BECK, J. — I. It appears, that the defendant held a chattel mortgage upon a certain stock of groceries and queensware, which had been conveyed by a prior mortgage to another party. These instruments were to secure certain debts of Dewey to the respective mortgagees.

1. CHATTEL MORTGAGE: garnishment of mortgagee.

Under these mortgages (acting both for himself and as agent of the other mortgagee), the defendant took possession of the goods. It is claimed, by plaintiffs, that the defendant is liable, upon the garnishment process, for any excess of the value of the goods over the amount of the two mortgages, and the court instructed the jury to that effect. It is argued by the defendant, on the other hand, that, inasmuch as he took and held possession of the goods under the mortgages with conditions broken, his title thereto became absolute and complete, and he was in no sense a debtor of Dewey, nor were the goods, or any part thereof, the property of Dewey; and that the instructions of the court, therefore, are erroneous, so far as they announce a different rule of law. No question is made as to the correctness of rendering an unconditional money judgment against defendant, but the only objection to the instructions in this branch of the case, is the one just stated.

The authorities upon the question here raised are not without conflict, and leave it in great doubt, though it

would seem that the better opinion is, that even after conditions broken, the mortgagor has an equity of redemption in the property, and is entitled to recover from the mortgagee, in case of the sale of the property, any surplus remaining after the payment of the debt. 2 Story's Eq. Jur. § 1031; 2 Hilliard on Mortgages, 478.

Section 2217 of the Revision, so far as it relates to mortgages of personal property, does not change the common law rule, and it seems that the right of the mortgagor to redeem after conditions broken, is recognized under our law, inasmuch as chapter 146 of the Revision, provides for the foreclosure of such right. It follows, that if the property be sold by the mortgagee, or upon a foreclosure, for more than the amount of the debt, the mortgagor is entitled to the surplus after payment of the debt out of the proceeds. The necessary conclusion is, that the mortgagee's possession and title, under the mortgage, are not so absolute and complete that he cannot be required, on a garnishment process, to account either for the surplus of the property or its proceeds, after the payment of the mortgage debt, as the property or credits of the mortgagor in his hands. *Torbert* v. *Hayden*, 11 Iowa, 444; *Alger* v. *Farley*, 19 id. 520.

II. During the progress of the trial the original invoice of the goods, received by the defendant of Dewey, was introduced in evidence. In this invoice no price was fixed to many of the articles, and the extension of prices was not made as to others, so that the total value of the goods was not shown.

**2. EVIDENCE: invoice.**

A copy of this invoice was attached to the plaintiffs' reply to defendant's answer. For the purpose of establishing the value of the goods, a witness was called, who stated that he was acquainted with their value at the time the invoice was made, and that he had fixed prices to the articles mentioned in the invoice, extended the amounts

Doane & Co. v. Garretson.

and footed them up, as the same appeared in pencil upon the copy attached to the files. The court permitted the jury to examine the memoranda so made, and the witness to illustrate his testimony therefrom. The jury were also permited to take the copy of the invoice attached to the papers having thereon the memoranda made by the witness to the jury-room when they retired to consider of their verdict. To all this defendant objected, on the ground that it was calculated to mislead the jury, and properly excepted at the time. The bill of exceptions somewhat obscurely states the facts, but the above is believed to be a fair interpretation of its language. The ruling of the court in admitting this evidence, is assigned for error. The objection urged in the argument is not to the admission of the memoranda in evidence, but that on account of the ignorance of the witness as to the quality of the goods, and on account of the depreciation of the goods in value after the invoice was made, the testimony of the witness was not proper evidence to fix the true value of the articles mentioned in the invoice. This may be quite true, but it should have been shown by proof, and thereby the evidence of the witness would have been contradicted or explained away. The evidence as introduced, is competent; the objection is really to its weight or credibility, and was properly for the consideration of the jury, and not for the court.

III. At the time the defendant took possession of the goods, the sum of ninety dollars was due upon the rent of the store-house in which the goods were kept by Dewey. This rent the defendant paid, after the service of the garnishee process, and claimed, that the amount thereof should, with the total amount of the mortgages, be deducted from the value of the goods, in determining the extent of his liability. The court instructed the jury otherwise, and

3. LANDLORD'S LIEN: discharge of by mortgagee after garnishment.

held, that he had no right to pay the rent, and could not be allowed a deduction from the value of the goods, for the amount he had so paid.

The lien of the landlord attaches upon goods kept for sale upon the premises as the rent accrues, and not from the commencement of proceedings to enforce it. *Grant* v. *Whitwell et al.*, 9 Iowa, 153; *Carpenter* v. *Gillespie*, 10 id. 592. Inasmuch as the lien had actually attached to the goods, and could have been enforced against them in defendant's hands, he had the right, in fact it was his duty, to discharge it out of the proceeds of the goods. The amount he paid for that purpose should have been deducted from the value of the goods in determining the amount of defendant's liability. The instructions of the court upon this point are erroneous.

The amount paid by defendant for the rent clearly appears in the record to have been $90; the plaintiffs offer, in case the ruling of the court below in regard thereto be held erroneous, to remit that amount of the judgment. If this be done the judgment will be affirmed, otherwise it will be reversed and the cause remanded. In either event the costs of this appeal must be paid by appellees; judgment will be accordingly rendered against them therefor.