GIMBLE, FLORSHIME & Co. v. FERGUSON.

**Chattel Mortgage:** ASSIGNMENT: EQUITY OF REDEMPTION. A grantor in a chattel mortgage has an equity of redemption in the property, after conditions broken, which will pass to an assignee under a general assignment for the benefit of creditors; and parties attaching the property after the assignment acquire no equitable or legal right thereto, as against the assignee.

*Appeal from Page District Court.*

TUESDAY, JUNE 6.

IN an action by attachment brought by plaintiffs herein against A. W. Barlow, the appellee, W. P. Ferguson, was garnished, and upon his answer was discharged. Plaintiffs appeal.

*McPherrin Bros.*, for appellant.

*W. P. Ferguson*, for appellee, *pro se.*

BECK, J.—I. The undisputed facts upon which the decision of the case turns as shown by the answer of the garnishee—and there was no other evidence—are as follows: The defendant, A. W. Barlow, executed to J. Barlow a chattel mortgage upon a stock of merchandise, to secure an indebtedness from the mortgagor to the mortgagee. Under this instrument the mortgagee took possession of the goods, and soon after the attachment in this action was levied upon the same property, subject to the rights of the mortgagee, and the appellee was served with garnishment process. Prior to the issuing of the attachment and garnishment process, and after the execution of the chattel mortgage, defendant, A. W. Barlow, executed a general assignment of all his property for the benefit of all his creditors to H. P. Duffield. The assignment covered defendant's interest and property in the goods transferred by the chattel mortgage. Under an arrangement between the mortgagee and the assignee, the goods were converted into money, and a balance of $500 remained after paying the mortgage debt. Plaintiffs insist that this sum is subject to their attachment, while the other parties claim that it passed under the assignment to the assignee and should be held by him for the benefit of all the creditors of A. W. Barlow. These conflicting positions present the only question in the case, which requires but brief consideration.

II. The grantor in a chattel mortgage has an equity of redemption in the property after conditions broken, and is

1. CHATTEL mortgage: assignment: equity of redemption.

entitled to recover any surplus of the property or its proceeds remaining after the payment of the mortgage debt. See *Doane & Co. v. Garretson*, 24 Iowa, 351. This is a property right and interest held by the mortgagee, and is, of course, subject to sale or transfer as other property. The mortgagor, A. W. Barlow, conveyed this property by the general assignment of all his effects to Duffield before plaintiff's attachment was issued and before the mortgagee was garnished. It follows that the garnishee held no property or money subject to plaintiff's

attachment, and the District Court correctly rendered a judgment discharging him.

III.   Plaintiff's counsel insist that *Doane & Co. v. Garretson, supra,* supports their position, in that it holds a mortgagee in possession of personal property is liable to garnishment at the suit of a creditor of the mortgagor, for any surplus after paying off the mortgage debt.   This is true if the mortgagor has not transferred his equity of redemption or interest in the mortgaged property, which was done by the assignment for the benefit of creditors in this case, and was not done in the case cited.   This is the distinction between the two cases.

IV.   The same counsel also insist that the assignment to Duffield did not operate to cover the title to the goods, and to support this position relies upon *Roberts v. Corbin & Co.,* 26 Iowa, 315.   This case holds that an assignee takes the property of the assignor subject to all equities in favor of third persons.   It gives no support to counsel's position. Plaintiffs having attached the property after the execution of the general assignment, acquired no equitable or legal right thereto as against the assignee, and the creditors of the assignor.

The court below did not err in rendering a judgment discharging the garnishee.

AFFIRMED.