EVANS v. THE ST. PAUL HARVESTER WORKS ET AL.

1. **Practice:** JUDGMENT ON SPECIAL VERDICT: FACTS NOT WARRANTING: COURT NOT BOUND BY INSTRUCTIONS. An instruction, though erroneous, is binding upon the jury, but not upon the court; and where, under an erroneous instruction given by the court, and a special verdict found by the jury, the jury should have found for the defendants, but did in fact find a general verdict for the plaintiff, *held* that, while it was proper to set aside the general verdict as being inconsistent with the special verdict and the instructions, yet it was error to render judgment for the defendants, based upon the special verdict and the erroneous instruction. The case should have stood for a new trial.

2. MORTGAGE OF EXEMPT PERSONAL PROPERTY: WRONGFUL SEIZURE AND SALE OF UPON EXECUTION: MORTGAGOR'S RIGHT OF ACTION UPON INDEMNIFYING BOND. A mortgagor of exempt personal property is not for all purposes divested of his title thereto, and he can maintain an action for damages upon an indemnifying bond, where such property in his possession has been wrongfully seized and sold upon execution; but, lest the defendants should be subjected to a double liability, the mortgagee should be joined with the mortgagor as plaintiff. BECK J. *dissenting.*

*Appeal from Howard District Court.*

WEDNESDAY, APRIL 9.

ACTION upon an indemnifying bond. The defendant, the

St. Paul Harvester Works, obtained judgment against the plaintiff, and caused an execution to be issued and placed in the hands of the defendant, Farnsworth, as sheriff of Howard county, and at the same time gave him an indemnifying bond. Farnsworth levied upon a horse, mule and cow, and a lumber wagon. The plaintiff has brought this action upon the bond, claiming that the property levied upon was exempt from execution. The defendants for answer averred that the plaintiff had started to leave the state, and that the property for that reason was not exempt, if it otherwise would be. They also averred that the plaintiff had executed a mortgage upon the property for more than its value, and, by reason of such fact, had no such interest in or title to the property as would enable him to maintain the action. In addition, the St. Paul Harvester Works set up a counter-claim upon two promissory notes. There was a trial to a jury, and a general verdict was rendered for the plaintiff. There were, however, certain special findings, and the court, deeming them inconsistent with the general verdict, refused to render judgment on the general verdict, and rendered judgment on the special verdict for the defendants. The plaintiff appeals.

*H. C. McCarty* and *John McCook*, for appellant.

*Barker Bros.* and *H. T. Reed*, for appellees.

ADAMS, J.—The jury found specially that at the time of the levy there was an unsatisfied mortgage upon the property, executed by the plaintiff to one Timothy Jenkins. The existence of this mortgage was deemed by the court sufficient to preclude a right of recovery on the part of the plaintiff. It had given the jury an instruction in these words: "If you find from the evidence that at the time of the levy there was in existence an unsatisfied mortgage on the property, made by the plaintiff to one Timothy Jenkins, then your verdict will be against the plaintiff, and in favor of the St. Paul

1. PRACTICE: judgment on special verdict: facts not warranting: court not bound by instructions.

Harvester Works, for the amount of the two notes." The court, having given this instruction, very properly refused to render judgment on the general verdict. Whether the instruction was right or wrong, it was the duty of the jury, after having found that there was a mortgage upon the property, to render a verdict against the plaintiff, and allow the correctness of the instruction to be reviewed and determined upon subsequent proceedings. There was no error, then, in setting aside or discarding the general verdict. But, that being done, it did not follow that judgment could properly be rendered for the defendants on the special verdict. The instruction given was obligatory upon the jury, but not upon the court. The general verdict having been set aside, the court had still to consider whether the special verdict entitled the defendants to a judgment, not under the instruction, but under the law. If the court had become satisfied, as probably it was not, that the instruction given did not express the law, the case should simply have been allowed to stand for another trial. The plaintiff now assigns as error the giving of the instruction, and also the rendition of the judgment upon the special verdict.

The question presented is as to whether a mortgagor of exempt personal property can maintain an action for damages where the same has been wrongfully seized and sold upon execution. In our opinion he may. The precise question appears to have arisen in *Collett v. Jones & Hall*, 2 B. Mon., (Ky.,) 19. The court said: "The voluntary subjection of exempt property as security for one debt, by way of mortgage, is not a renunciation of the privilege of exemption beyond the regular operation and effect of the mortgage itself. The fact that the mare, for the taking of which this action of trespass was brought by Collett, had been mortgaged by him before the levy and sale under execution, did not affect the plaintiff's right of action for taking the mare from his possession."

2. MORTGAGE of exempt personal property: wrongful seizure and sale of upon execution: mortgagor's right of action on indemnifying bond.

In the case at bar, the position relied upon by the defendants is, that the mortgagor has parted with the legal title, and cannot for that reason maintain an action for the wrongful invasion of his rights. But in our opinion the position is not sound. The mortgagor does not by the execution of the mortgage part with the ownership. If the property is lost or destroyed, though without his fault, he must sustain the loss; and this is true even where the legal title has passed to the mortgagee. The destruction of the property by a trespasser does not pay or cancel the mortgage debt, nor does a sale of it upon execution by a third person. The rule of law, by which the legal title is regarded as having passed by the mortgage to the mortgagee, is designed to enable him to take and hold possession for his better protection. It cannot inure to the benefit of third persons wrongfully interfering with the property. Where such interference takes place, the wrongdoer must be held liable to those whom he has wronged. *Holden v. Cox*, 60 Iowa, 449. The difficulty in the case at bar, if there is any, arises from the fact that the mortgagee, if deprived of his security by the defendants, has a right of action. The defendants should not, of course, be subjected to double liability. If the mortgagee has been deprived of his security, he should properly be joined with the mortgagor as co-plaintiff. It is the defendant's right to demand that the mortgagee be brought in. Code, section 2551.

The rule contended for by the defendants, that the mortgagor of exempt personal property is remediless as against a trespasser, would work great hardship. He could not compel the mortgagee to bring an action, and, if he could, such action would not furnish the mortgagor complete relief. We think that the judgment must be

REVERSED.

BECK, J., *dissenting.*—I. The special findings establish that plaintiff had executed a chattel mortgage upon the property. The right of possession of the property, under our

statute, passed by the mortgage to the mortgagee, in the absence of stipulations in the instrument to the contrary. Code, § 1927. This right can only be divested by payment of the debt secured by the chattel mortgage. *Bellamy, Bradley & McMakin v. Doud*, 11 Iowa, 285; *Bean v. Barney, Scott & Co.*, 10 Iowa, 498; *Talbot v. DeForest*, 3 G. Greene, 586. It is not shown that the mortgage contained a stipulation securing to the mortgagor, the plaintiff, the right of possession of the property, or that the mortgage debt had been paid. In order to establish this right, the mortgagor must show such stipulation, or the payment of the debt. We cannot presume either. Plaintiff, therefore, can maintain no action to recover the value of use of the property, for he has not shown that he is entitled to its possession.

II. Nor can plaintiff recover the value of the property, for the legal title passed by the mortgage to the mortgagee. This is the rule of the common law. 2 Hilliard on Mortgages, p. 277; *Doane & Co. v. Garretson*, 24 Iowa, 351. The Code of 1851, section 1210, and The Revision, section 2217, provided that, "in the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof; but in case of personal property the mortgagee holds that title and right." This possession, so far as it applies to chattel mortgages, is but declaratory of the common law. See *Doan & Co. v. Garretson, supra*. It was not re-enacted in the Code of 1873; but in its place section 1927 appears, which is in the following language: "In the absence of stipulations to the contrary in the mortgage, the mortgagee of personal property is entitled to the possession thereof." This section does not declare that the mortgagee holds the title of the personal property conveyed by a mortgage, nor does it provide to the contrary, but leaves his rights as prescribed by the common law, under which the mortgagee holds the title to the personal property mortgaged.

III. Plaintiff retained the right to redeem the property from the mortgage, and the value of his interest is limited

by the value of that right. *Doan & Co. v. Garretson, supra.* If plaintiff, by action, may recover the value of his right of redemption, which I do not here determine, he cannot recover therefor in this action, for the reason, if for no other, that the value of his right, if of any value, is not shown by the special findings, nor is it shown in any other manner.

IV. If plaintiff can in an action recover the value of the mortgaged property, it would follow that the mortgagee could not recover its value, for, if he could, there would exist the right of recovery in two persons, thus subjecting defendant to double liability. This the law will not permit. But, as we have seen, the title and right of possession of the property is vested in the mortgagee, and the right to recover, both for the value of the property and the value of its use, is vested in him. If he cannot so recover, his right is barren, and his title exists only in name.

V. This court has held that a mortgagor of personal property, while the mortgage debt remains unpaid, has no interest in the mortgage property which can be sold upon execution. *Gordon et al. v. Hardin,* 33 Iowa, 550; *Campbell v. Leonard,* 11 Id., 489. Surely, if he has not an interest that is subject to execution, he cannot recover in an action for the value of the property.

Entertaining the views of the law above expressed, I cannot assent to the foregoing opinion of the majority of the court. In my opinion the judgment of the district court should be affirmed.