UNION MERCANTILE COMPANY Appellant, v. J. R. CHANDLER, Appellee.

Action on Attachment Bond: PLEADING.    Where in an action on an attachment bond the plaintiff alleged the filing of the bond whereby the attaching creditor agreed to pay all damages that might be sustained by the wrongful suing out of the attachment, and made said bond and the writ of attachment parts of the petition, *held*, that the petition would be construed as presenting an action on the bond rather than a common law action for the malicious suing out of the writ, although the amount claimed in the petition was largely in excess of the amount of the bond.    (1)

SAME: LIMIT OF RECOVERY: INSTRUCTIONS TO JURY.    The jury having returned a verdict in such case for an amount largely in excess of the amount of the bond, and the excess having been remitted by the successful party, *held*, that the refusal to give an instruction to the jury that in no event could a recovery be had for an amount in excess of the bond was without prejudice.    (2)

SAME: DAMAGES: PROPERTY SOLD BY RECEIVER.    Where an attachment is levied upon incumbered property, and a receiver is appointed upon the petition of the attaching creditor, the latter's liability for the wrongful suing out of the attachment is not confined to the excess remaining in the receiver's hands after the satisfaction of the prior liens.    (3)

SAME: LEVY ON MORTGAGED CHATTELS.    The fact that an attachment was levied upon mortgaged chattels, which are not subject to attachment, will not relieve the attaching creditor from liability for damages for the wrongful suing out of the attachment.    (4)

SAME: JUDGMENT: REMITTITUR.    An excessive verdict for unliquidated damages may be remitted in part by the successful party, and judgment taken for the balance.    (5)

SAME.    The claim for damages on the bond being set up by way of counterclaim in the attachment suit, and the claim of the attaching creditor being admitted, *held*, that the attachment defendant could not recover a sum in excess of the amount of the bond, less the plaintiff's claim, but that a judgment for the full amount of the bond would not be reversed, as the district court could be directed to enter judgment in the proper sum upon the facts established.    (6)

SAME: ATTORNEY FEE. A recovery in damages for the full amount of an attachment bond will not preclude the taxation of an attorney fee in such case, that being a part of the costs. (7)

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, JANUARY 24, 1894.

ACTION on an account, aided by attachment. The account is admitted, and a cross action filed for the wrongful suing out of the attachment. There was a verdict and judgment for the defendant. The court refused the defendant an attorney's fee, and both parties have appealed.—*Upon defendant's appeal, reversed; upon plaintiff's appeal, modified and affirmed.*

*A. A. Haskins* for plaintiff.

*Berryhill & Henry* for defendant.

GRANGER, C. J.—The account sued on is for fifty-seven dollars and twenty-nine cents, and it is by the answer admitted. The damages sought in the cross action were one thousand, five hundred dollars. The bond filed in obtaining the attachment was in a penalty of two hundred and fifty dollars. The sureties on the bond are not parties to the cross action. The attachment was levied on a leasehold interest in a lot and building and on a stock of goods, on all of which were prior liens. On the application of the plaintiff, a receiver was appointed, who, under orders of the court, sold all the property for six hundred and thirty-four dollars and fifty-three cents, and applied the same to the discharge of the prior liens, so that nothing remained under the attachment. The trial of the issues for the wrongful suing out of the attachment resulted in a verdict for the defendant for nine hundred and sixty-eight dollars. The defendant filed a remittitur of the damage in

excess of the penalty of the bond ($250), and judgment was entered for that sum. The jury returned special findings that the attachment was wrongfully, but not maliciously, sued out. We will first notice the assignments of error by the plaintiff.

I. The parties are in contention whether the cross action is a statutory one on the bond, or a common law action for maliciously suing out the writ; the plaintiff maintaining that it is the latter. The court below held the cross action to be on the bond, and, we think, rightly so. The cross petition does not bear the usual evidence or indications of a petition in an action for damage for the suing out of a writ of attachment maliciously and without probable cause. Its allegations, though not in some respects apt, are more nearly in conformity to the usual pleading in an action on the bond. A paragraph of the cross petition states "that, at the time of the suing out of said writ of attachment, the plaintiff filed with the clerk of this court an attachment bond, wherein it bound itself to pay all damages this defendant might sustain by reason of the wrongful suing out of said attachment. Said bond and said writ are hereby made a part of this answer and counterclaim as though fully set forth herein." We infer the intent of the pleader to have been to make the bond and writ parts of the petition, by reference to them as parts of the record in the case. The law, of course, requires the bond, as an instrument on which recovery is sought, to be set out in, or attached to, the petition; and it is quite manifest that an omission to do so is but an error in pleading. The plaintiff suggests that the fact that the petition claims one thousand, five hundred dollars as damage, when the penalty of the bond is only two hundred and fifty dollars, shows that the action was not intended as on the bond. The defendant's answer to the petition is that the excessive amount was claimed under a belief that, inasmuch as

the action was alone against the plaintiff, the penalty on the bond would not limit his liability in the suit; that the penalty only limited the liability of the sureties on the bond. The district court held that the limitation applied alike to the principal and sureties, upon which, as we understand, the remittitur was filed. That view is in harmony with the general averments of the petition, and preserves their force, while the other view renders some of them entirely without force, and irrelevant.

II. Plaintiff asked the court to give an instruction to the effect that in no event could the defendant recover a sum in excess of two hundred and fifty dollars, which the court refused. The instruction should have been given. From the record, however, we may assume that, had it been given, the defendants recovery would have been for the full penalty of the bond, because, under the same evidence, it was largely in excess of it. The filing of the remittitur, then, placed the plaintiff in the position he would have been in had the instruction been given; hence, the error was without prejudice.

III. It will be remembered that, after the levy of the attachment, at the instance of the plaintiff, a receiver was appointed, who, under order of the court, sold the property, and applied the proceeds to the discharge of prior liens. In view of these facts, the plaintiff asked the following instruction: "You are instructed that, unless you find that some money or property came into the hands of the sheriff or receiver after the payment of prior claims and incumbrances, then your verdict will be for plaintiff for the amount of its claim. The defendant, if you should find the attachment was wrongfully or maliciously sued out, could only recover the amount of the money on his counterclaim which came into the hands of the sheriff or receiver of this court, with six per cent. interest

thereon." The meaning of the instruction is that the liability of the plaintiff on the bond is limited to the excess in the hands of the sheriff or receiver after the discharge of prior liens: and as, in fact, there was no excess, there is, in law, no liability. The court denied the instruction, and permitted as one item of recovery the difference between the market value of the property when attached, and the sum realized from the sale by the receiver. It seems to us that the rule adopted by the court is correct. The wrongful attachment of the property caused the appointment of the receiver, and the sale by him. Now, if, by the wrongful seizure of the defendant's property, it has been sold for less than its fair market value when taken, we think that he should be allowed, in addition to what it sold for, enough to give him its market value; and that is what the court allowed. We are not to lose sight of the fact that it was the attachment that caused the proceedings resulting in the sale for less than the market value.

IV. The plaintiff claims exemption from liability because the property seized by the attachment was mortgaged, and hence that the attachment was void, and cites *Gimble v. Ferguson,* 58 Iowa, 414, and *Tootle v. Taylor,* 64 Iowa, 629. The distinction is so manifest that we think the proposition is hardly entitled to discussion. The cases turn upon entirely different questions.

V. It is said that the court erred in permitting a remittitur to be filed by the defendant, because the damage was unliquidated. We know of no reason why damages, though unliquidated, when fixed by the finding of a jury, may not be remitted, in whole or in part, by the party in whose favor they are assessed. It is an act favorable to the other party, of which he should not complain. The fact that, by the remittitur, an error in the proceedings is cured that would otherwise be prejudicial to the party against whom the dam-

age is assessed, gives to such party no ground of complaint. Concessions in avoidance of errors in legal proceedings are to be encouraged, rather than disapproved.

VI. The plaintiff insists that the cause must be reversed because the amount of the plaintiff's claim has not been deducted from the damages assessed in the counterclaim. The defendant's theory is that, under the instructions of the court, the jury found the amount of damage, and, after deducting the fifty-seven dollars and twenty-nine cents, it gave its verdict for the nine hundred and sixty-eight dollars; and we think that it is the correct view of how the result was reached. But the conclusion does not reach the difficulty. It is the law of the case that the limit of recovery in the cross action is two hundred and fifty dollars. The defendant has no basis for a recovery in the case, either by way of set-off or judgment, except the cross action, and that is on the bond. If he retains the judgment for two hundred and fifty dollars, and is permitted to set off the plaintiff's account, then he has realized from the cross action three hundred and seven dollars and twenty-nine cents, which he is not permitted to do. But must we, because of this, reverse the judgment and remand the case for a new trial? The facts are conclusively settled. The findings of the jury on the defendant's counterclaim, with the law applied, fix the damage at two hundred and fifty dollars. The plaintiff's account is admitted, and, under the law, should be deducted, and defendant given a judgment for the balance. The case requires but an application of the law to the established facts. Such a judgment by the district court would have conformed to the law, and met with affirmance on appeal. The district court will, on the return of a case, enter such a judgment. This disposes of the case on plaintiff's appeal.

VII. The defendant asked the court to assess an attorney's fee in his favor because of his recovery on the attachment bond, and the court refused, from which order the defendant appealed. Counsel seem to agree in argument that the theory of the court below was that an attorney's fee could not be added to the recovery on the bond of two hundred and fifty dollars. This court has recognized the rule that attorney's fees, when allowed, are a part of the costs. See *Musser v. Crum*, 48 Iowa, 52; *Weller v. Hawes*, 49 Iowa, 45. If a part of the costs, the recovery, under the conditions of the bond, would not defeat the defendant's right to it. We think the defendant was entitled to a reasonable fee, to be fixed by the court, and that, upon a return of the cause, it should be allowed.

Upon defendant's appeal, the order of the court is REVERSED; upon plaintiff's appeal, the judgment is modified and AFFIRMED.