O. T. BRATTEBO v. L. J. TJERNAGEL AND P. G.
TJERNAGEL, Appellants.

Costs—When Properly Taxed to One Getting Verdict. Plaintiff sues for damages. Defendant counterclaims with an undisputed
2  note which is allowed him less a sum given plaintiff for damages.
*Held,* the costs are properly taxed to defendant.

Evidence—Error without Prejudice. Where, in an action for fraudulent representations, it is clear that the value of the property
1  sold has been grossly exaggerated, it is not prejudicial to have allowed some witnesses, whose competency is doubtful, to say what the property was worth.

*Appeal from Story District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, MAY 22, 1894.

ACTION at law to recover damages for false and fraudulent representations, by which it is alleged the plaintiff was induced to purchase from defendants one hundred dollars of capital stock in a printing and publishing corporation. The defendants pleaded a counterclaim. There was a trial, and a judgment for defendants for thirty-seven dollars and fifty cents, from which they appeal.—*Affirmed.* .

*J. F. Martin* for appellants.

*D. J. Vinje* and *J. F. Meeker* for appellee.

ROTHROCK, J.—I. The case is peculiar in its facts. There is no question as to the fact that plaintiff purchased the stock as alleged, the par value of which was one hundred dollars. He did not pay any money for the stock, but gave his promissory note to the defendants for one hundred dollars. The record does not show that the note was negotiable, and the defendants

set it up as a counterclaim against the claim of the plaintiff for damages for the alleged fraud. The result was that the jury found specially for the defendants in the amount of the note, and that the plaintiff was damaged by the alleged fraud in the sum of sixty-two dollars and eighty-six cents, and that the actual value of the stock was thirty-seven dollars and fifty cents. Judgment was rendered against the plaintiff on the verdict for thirty-seven dollars and fifty cents. It does not appear that any objection was made to the form of the action nor to the pleadings. The main contention pertains to the alleged fraud. It is conceded that the defendants represented the printing and publishing outfit to be worth fifty thousand dollars. The plaintiff sought to prove that this representation and other statements as to the profits arising from the business were false and fraudulent. Witnesses were introduced by plaintiff by whom it was sought to be shown that the property was worth much less than fifty thousand dollars. It is claimed that these witnesses were not shown to be competent to testify to the value of property of that kind. There is some doubt in our minds whether this objection ought not to have been sustained as to one or more of the witnesses; but, taking the whole record, including appellee's abstract, we conclude that there was no reversible error in this respect. The fact is that the whole case shows that the value of the property was grossly exaggerated.

II. The case was fairly submitted to the jury by instructions in line with the pleadings and the cause of action. It is not necessary to set out the instructions, as they would be of no service as a precedent.

III. It is urged that the court erred in rendering judgment against the defendants for the costs of the action. The abstract of appellants shows that the costs were taxed to the plaintiff. We presume, from the

arguments of counsel, that the abstract is not correct in this respect. The costs were rightly taxed to the defendants. Plaintiff was the successful party in the action. He sued for damages for fraud. The defendants held a valid, undisputed counterclaim against him. When one claim was set off against the other, the plaintiff, in effect, recovered damages in the sum of sixty-two dollars and eighty-six cents. It is proper to say here that, although the case of *Clausen v. Tjernagel* (decided at the present term), 59 N. W. Rep. 277, is an action to recover for fraudulent representations in procuring a subscription to the same enterprise, the evidence admitted over objections is different from that to which objection was made in this case. The judgment of the district court is AFFIRMED.