ELIZABETH BLOOM, Appellant, v. WINTHROP STATE BANK, Appellee.

**Banks and Banking:** UNACCEPTED CHECK:   RIGHTS OF HOLDER.
1    The holder of an unaccepted bank check may bring suit on the same in his own name.

**Bank Check:** RECOVERY ON:  PLEADINGS:   EVIDENCE.   In a suit
2    to recover on an unaccepted bank check, it appeared that the bank held two notes of the drawer nearly equaling the amount of his deposit, and that it applied the deposit to the notes and paid the balance to the drawer prior to the issuance of the check in suit.   Plaintiff replied that one of the notes had been paid by reason of an executed agreement between the drawer and the bank.   *Held*, that under the issues plaintiff was entitled to show the agreement and its performance, and a directed verdict for defendant was error.

*Appeal from   Buchanan   District   Court.*—HON.   A.  S. BLAIR,  Judge.

TUESDAY, OCTOBER 6, 1903.

ACTION upon a bank check bearing date August 4, 1899, drawn upon the defendant bank for the sum of $191.10, signed by I. T. Bloom, and made payable by its terms to the plaintiff or bearer.   It appears that prior to the date named there had been deposited in the defendant bank on open account to the credit of said I. T. Bloom the sum of $353.41.   At the time of such deposit the bank held two notes executed to it by Bloom—one for $106.42, and a rent note for $186.75—both of which were past due according to the terms thereof, respectively.   On its own motion the bank appropriated from the deposit so made the amount of the said two notes, and canceled the same.   Thereafter a check in the sum of $114.54 was drawn by Bloom against said deposit account, which, upon presentation, was paid by the bank.   The check here in suit was

then drawn and presented to the bank on August 10, 1899, and payment demanded, which was refused. In its answer the defendant bank, after pleading the existence of the indebtedness due to it from I. T. Bloom, and the appropriation of so much of the deposit as was necessary to the payment of such indebtedness, alleges that on August 5, 1899, it notified said Bloom of the amount due him in settlement, and that his check for $114.64 would be paid; that thereupon Bloom drew his check on defendant for said sum, which was promptly paid. Defendant says that thereby the account between it and said Bloom was settled in full. In her reply plaintiff alleges that prior to April, 1898, her husband, said I. T. Bloom, had been the owner of a farm in Buchanan county; that title to such farm had passed by sheriff's sale and deed to this defendant; that at the time mentioned defendant leased said farm to said I. T. Bloom for one year, and that the $186.75 note in question was given defendant as and for the rent reserved in such lease. It is then alleged that the defendant at the time agreed with I. T. Bloom that it would give him the rent for the year, and surrender his note, if he would furnish a purchaser for said farm at the price of $40 per acre; that during the year said Bloom did furnish a purchaser for said farm, and to whom it was sold at the price named. And it is insisted that thereupon the said rent note became fully paid, and that said Bloom became entitled to a surrender thereof. Upon the issues joined the cause proceeded to trial before a jury. At the close of the evidence for plaintiff the court, on motion, directed a verdict in favor of defendant, and entered judgment against plaintiff for costs. From such judgment plaintiff appeals.—*Reversed.*

*Cook & Leach* for appellant.

*Lake & Harman* and *E. E. Hasner* for appellee.

BISHOP, C. J.—The motion to direct a verdict was based upon the ground that the action was brought upon an unaccepted check, and the evidence fails to show that the drawer had funds in the defendant bank sufficient to pay the same.    Other grounds were embraced in the motion, but such are not made the subject of argument on this appeal, and we need not give attention thereto farther than to say that, in our opinion, the same were not well taken.

I.    Upon the question of the right of the holder of an unaccepted check to bring suit thereon in his own name, the courts of the country are not agreed.    However, we regard the rule as settled in this state in favor of such right.    It was so decided in *Roberts v. Corbin*, 26 Iowa, 315, and the rule there announced has been either acquiesced in or affirmed in several subsequent cases.    Among others are the following: *Schollmier v. Schoendelen*, 78 Iowa, 426; *May v. Jones*, 87 Iowa, 188; *Thomas v. Exchange Bank*, 99 Iowa, 202.    The reasoning upon which the rule is based is fully stated in the cases cited, and need not be repeated here.

1. UNACCEPTED check: rights of holder.

II.    Of course, there could be no recovery against the bank unless it is made to appear that the drawer of the check had funds on deposit subject to check, and sufficient in amount to meet the same, and that the refusal on the part of the bank to honor the check was therefore wrongful.    This brings us to a consideration of the facts shown by the record.    In the first instance we may notice the assignments of error based upon the rulings of the court below in connection with the attempt on the part of plaintiff to prove the alleged agreement in relation to finding a land purchaser for the bank.    We cannot discuss such rulings in detail. While it is manifest that some of the questions propounded were improper, and some of the answers stricken out were

2. BANK check: recovery on pleadings; evidence.

not responsive, still the purpose we have in view will be subserved by saying that under the issue tendered by plaintiff she was entitled to prove the making of such an agreement; that, as the same was alleged to be in parol, statements and admissions on the part of the bank officers having relation thereto were competent. So too, plaintiff was entitled to prove by her husband that he had fulfilled such agreement on his part.

Now, there is in the record some testimony tending to prove that after the execution of the rent note given to the bank, it was agreed between the officers of the bank and Bloom that if he should find a purchaser for the land at $40 per acre, and a sale was made, the bank would regard the rent note as paid thereby, and would cancel the same; further, that such purchaser was found by Bloom, and the land sold by the bank at the price fixed. The majority of the court think the evidence now in the record sufficient to have taken the case to the jury upon the question of fact involved, and that a directed verdict should not have been ordered on that ground alone, especially in view of the further fact that some of the evidence offered by plaintiff bearing upon the subject was refused, and some that was introduced was afterwards stricken out on motion of defendant. Taking now into consideration that the jury, had the issue been submitted to it, might have found that the land agreement was made and carried out as alleged, we have the question whether the plaintiff can avail herself of such facts to aid in her recovery.

It seems to be the contention of counsel for appellee that, inasmuch as plaintiff has elected to bring her action upon the check, that she must be limited to showing that money in a sufficient amount was on deposit in the bank at the time the check was drawn; that she cannot recover as upon an assignment of the contract debt due her husband, for the reason that she does not claim to hold such an assignment, and for the further reason that no such

cause of action is pleaded.   We readily agree that, under
the circumstances shown, the bank had all the rights that
would have obtained in its favor had I. T. Bloom drawn
the check payable to himself, and had he presented the
same in person.   We think it must be conceded that the
bank had no other or different rights.   If now—and such
are the facts as contended for by appellant—there was an
agreement whereby Bloom was to have his rent free in
case he found a purchaser for the farm to whom a sale
thereof should be made, and that, upon such transpiring,
his note given in evidence of his rent indebtedness should
be canceled and surrendered as paid, and it have been made
to appear that such a purchaser was found, and a sale
made as contemplated, then the conclusion follows natur-
ally and irresistibly, as we think, that the indebtedness of
Bloom to the bank evidenced by the rent note became
thereby in law as well as in fact extinguished.   There was
then no debt, and this is not affected in the least by the
fact that the note was not canceled or surrendered.   It
was the absolute right of Bloom to demand and receive
such note into his possession, and the bank could not
have justified a refusal.   True, the bank the right
to deny the alleged agreement, and if, upon trial of such
issue, it could defeat the claim as made by Bloom, no one
would question its right to offset the amount of the note
against the deposit to the credit of Bloom or otherwise
proceed to collect the indebtedness according to its own
election.   It is sufficient for the present to say that this right
on the part of the bank has not been cut off by anything
that has been done.   It may still be heard in denial of the
claim as made, and have its interest in and right to the
note established and confirmed according to the truth as
it shall be made to appear.   Giving force to plaintiff's
theory, the case stands precisely as if Bloom had gone in
before making his deposit, and had paid the note, but for
some reason had neglected to take up and cancel the same.

It follows that if the indebtedness represented by the rent note had been paid or satisfied, as contended ·for by plaintiff, the act of the bank in assuming to deduct the amount thereof from the deposit account was without force, and gave to the bank no right to refuse to pay over to Bloom the deposit account upon his demand. The right to receive the deposit money is the right that was assigned to this plaintiff through the medium of the check in suit, and the measure of his right to recover, but for the check, measures her right to recover under the check. In our opinion, the court below was in error in sustaining the motion to direct a verdict and rendering judgment against plaintiff for costs. The judgment is accordingly reversed, and the cause remanded for a new trial.—REVERSED.