KATE E. KUHNES, Appellant, v. T. A. CAHILL, Defendant. and R. H. RILEY ET AL., Interveners, Appellees.

**Election of remedies.** The holder of a bank check, who, disregarding the same, sues for the amount, aiding the action by attachment of the bank on which the check was drawn, is bound by an election of remedies and cannot claim the fund in bank, by virtue of the check, as against the holders of other checks drawn prior to the attachment.

**Bank check: EQUITABLE ASSIGNMENT.** A check on a general deposit amounts to an equitable assignment of the fund to that extent, and though unpaid creates a right to the fund superior to that of a subsequent attachment. Such an assignment is unaffected by the recording acts.

*Appeal from Calhoun District Court.*— HON. Z. A. CHURCH, Judge.

FRIDAY, OCTOBER 20, 1905.

THE opinion states the case. From a judgment in favor of interveners, the plaintiff appeals.— *Affirmed.*

*M. R. McCreary*, for appellant.

*E. C. Stevenson*, for appellees.

BISHOP, J.— August 2, 1901, plaintiff sold to defendant, Cahill, a lot of hogs at the agreed price of $323.60, for and on account of which Cahill drew a check in ordinary form, payable to plaintiff, on the First National Bank of Rockwell City. Plaintiff did not present the check at the bank for payment until about August 12, 1901, when pay-

ment was refused. It is conceded that at the time the check was drawn and presented Cahill had on deposit in said bank, subject to check, the sum of $794. Payment was refused because, just before the check was presented, the bank had been garnished at the suit of some person, not mentioned in the record, against Cahill. On August 12, 1901, and after payment of the check had been refused, plaintiff commenced this action against Cahill on account to recover the sum of $323.60, the agreed sale value of the hogs. The action was aided by an attachment, and the First National Bank was garnished thereunder on the same day. On October 28, 1901, petitions of intervention were separately filed in said action on behalf of R. H. Riley, Frank Logsdon, C. G. Mc-Hugh, Gilbert Davis, G. W. Carlisle, and H. Conley. Each of the petitions was based upon a check in ordinary form given by Cahill in payment for hogs sold, and drawn upon said First National Bank. That in favor of Riley was drawn August 3, 1901, for $13.77; that in favor of Logsdon was drawn August 3, 1901, for $189.72; that in favor of McHugh was drawn July 13, 1901, for $50.76; that in favor of Davis was drawn August 3, 1901, for $92; that in favor of Carlisle was drawn August 3, 1901, for $64.51; and that in favor of Conley was drawn August 2, 1901, for $39.30. In each of the petitions it is alleged that the respective check constituted a *pro tanto* assignment, equal to the amount named therein, of the moneys on deposit in the bank to the credit of Cahill. The prayer of each petition is that the right of plaintiff to subject said deposit fund to the payment of her debt be postponed until after payment due interveners has been made, and judgment is asked as against both parties and the bank, garnishee. To the several petitions of intervention, the plaintiff filed formal answer. The case was submitted to the court upon an agreed statement of facts, in which was recited the matters stated above, with the additional fact that, following the garnishment of the bank by plaintiff, each of the interveners presented his check to the

bank and payment in each instance was refused. By the judgment entered, plaintiff was awarded a recovery as against Cahill in the amount of her claim, with interest and the costs of the action; each of the interveners was awarded a recovery as against Cahill for the amount of his claim, respectively, and against the deposit fund in the hands of the bank, garnishee, for such amount, with interest; in favor of the interveners, the costs of the action were ordered taxed against both plaintiff and defendant Cahill.

It will be observed that plaintiff claims nothing in virtue of the check given her. Having elected to sue upon the account in her favor against Cahill, and to proceed by attachment, whatever rights she has in the deposit fund arise solely out of the garnishment proceedings. In other words, she is bound by her election of remedies. *McLean v. Ficke,* 94 Iowa, 283; 15 Cyc. 262.

1. Election of Remedies.

This being true, we have but one question in the case, and that is whether the several checks held by the interveners amounted to an assignment of the funds in the bank and for that reason are entitled to priority in payment over the attachment claim of plaintiff. All the transactions occurred and the proceedings were had before the enactment of the present statute on the subject of commercial paper, and in view of our frequent decisions the question as presented can hardly be regarded as an open one. The following cases are authority for the rule that the giving of a check drawn upon a general deposit fund in a bank amounts to an equitable assignment *pro tanto* of such fund: *Roberts v. Corbin & Co.,* 26 Iowa, 315; *Schollmier v. Schoendelen,* 78 Iowa, 426; *May v. Jones,* 87 Iowa, 188; *Bloom v. State Bank,* 121 Iowa, 101. The relation between a bank and a depositor therein on open account is that of a debtor and creditor. *Officer v. Officer,* 120 Iowa, 389; *Elliott v. Bank,* 128 Iowa, 275, and it has long been settled that an assignment of a debt is good as against a garnishment.

2. Bank check: equitable assignment.

*Moore v. Lowrey,* 25 Iowa, 336; *Gimble v. Ferguson,* 58 Iowa, 414.    The question does not involve the recording acts, as an assignment by check is absolute and the property does not remain in the possession of the assignor.    As in the case of an assignment of book accounts, recording in such cases is unnecessary.    *Lawrence v. McKenzie,* 88 Iowa, 432.

It will be observed that the aggregate amount due the interveners is not equal to the amount of the deposit fund. We are not advised as to the facts in respect of the prior garnishment; but, proceeding upon the assumption, as we must, that the judgment is correct in the absence of an affirmative showing to the contrary, we take it that in the course of the proceedings under the former judgment the fund was so far depleted as to leave no more than was necessary to satisfy the demands of the interveners.

We find no error, and the judgment is *affirmed.*