IN THE

## SUPREME COURT

OF THE

### STATE OF NEW-YORK,

IN OCTOBER TERM, 1826, IN THE FIFTY-FIRST YEAR OF
OUR INDEPENDENCE.

---

GAILLARD and GRAVILLON *against* SMART.

THE plaintiffs having sued the defendant for a large sum of money in assumpsit, and holden him to special bail; one of their attorneys afterwards gave parol notice to the clerk of the attorneys for the defendant that the suit had been discontinued; and offered to pay the costs. The clerk requested a formal discontinuance; but the attorneys for the plaintiffs told him this was not necessary. The costs were never demanded of the plaintiffs; but the defendant paid them to his attorneys; and, with the consent of the special bail, went to *Europe*, where he still continues. The plaintiffs afterwards proceeded with the suit, no rule for discontinuance having been entered. And now,

*H. Bleecker* moved for a rule that the cause be discontinued; or at least, that an *exoneretur* should be entered on the bail piece.

*S. A. Foot*, contra, read an affidavit of one of the plaintiffs, that their attorneys had acted without their authority; plaintiffs afterwards proceeded with the cause. On motion, the court ordered a discontinuance to be entered.

*An attorney may discontinue a suit, in virtue of his general power as attorney on record.*

*The attorney for the plaintiffs told the attorney for the defendant, that the cause was discontinued; and being requested by the latter to enter a rule to discontinue, said this was not necessary; and in consequence, the defendant, with the consent of his special bail, went to Europe; whereupon, no rule being entered, the*

ity ; that he, (the deponent,) had merely given the defendant leave to go to *France*, on his encouragement that this would enable him to make a satisfactory arrangement of the plaintiffs' demand ; and that the deponent had instructed his attorneys to suspend the suit ; not to discontinue it. And that it was never the intention of either of the plaintiffs that the suit should be discontinued.

He contended that the attorneys could not discontinue without a special authority for that purpose. In this case, it operated to destroy the remedy, which is a part of the contract. It is equivalent to a release or retraxit, a receipt or entry of satisfaction ; neither of which are acts which an attorney can do, without special authority, unless the money be, in truth, paid to him. (*Kellogg* v. *Gilbert*, 10 *John. Rep.* 220 *to* 222, *and the cases there cited.*) Nor can he give a *cognovit*, without authority. (*Denton* v. *Noyes*, 6 *John.* 296.)

[Woodworth, J. The cases which you mention, are those in which the right would be concluded. This is a mere discontinuance. Another suit may be commenced.]

In effect, the right is concluded. The defendant is beyond the reach of process. The statute of limitations has begun to run ; and will continue till the debt is discharged, notwithstanding the defendant is abroad.

As to the bail, they took the risk of the defendant's going abroad ; and if they will trust to a discontinuance without authority, they should take the consequence ; not the plaintiffs. Beside, their application is premature. They should have waited to see if there will be a judgment.

*Bleecker*, in reply. The question is, whether the clients of the attorney are to abide the consequence of his unauthorized acts, or whether they shall be visited on the opposite party. Here is no discharge of the cause of action ; but a step in the ordinary course of practice. Suppose an attorney suffers a nonsuit ; or puts in a plea not adapted to his client's defence ; clearly, the latter must be concluded. A discontinuance is no more ; and indeed not

so much.   An attorney may, under his general power, in a variety of ways, absolutely conclude the rights of his client.   Are we to suffer because no rule was actually entered ?  That it was not, is the fault of the plaintiffs' attorneys.   This is not the case of an agreement, which must be in writing by the 12th rule of *April* term, 1796.   It is the case of a notice that the suit was discontinued ; and a waiver of the rule, or formality of actual discontinuance.

This is a totally different case from a retraxit or release, as remarked by his honor, judge Woodworth.

At any rate, the bail must be discharged on the plaintiffs' own shewing.   They have licensed the principal to go beyond the reach of his bail.

*Curia, per* Savage, Ch. J.   It is worthy of remark, that only one of the plaintiffs makes an affidavit, denying any special authority in their attorneys to discontinue ; and if this were the question, I think we ought at least to intend, that the attorney would not act without such an authority, till the contrary is clearly shown by both.

But I do not think a special authority was necessary. *Denton* v. *Noyes* is relied on ; but, as I understand that case, it is an authority in favor of the right to discontinue under the general power of the attorney.   It was there held, that a judgment confessed by an attorney of this court, without process, was regular ; and the court said the defendant must look to the attorney for his damages, if he had sustained any.   It is true, this being such a strong act of the attorney, the court allowed the party to come in and plead ; the judgment standing as security. They cite various cases, shewing that, usually, if the client is prejudiced by the misconduct of his attorney in the course of the suit, he must take his remedy against the attorney.   *Van Ness*, J. who dissented, conceded that if a suit had been regularly, commenced, the confession would have been conclusive, unless the attorney had been insolvent.   Taking the rule as laid down by him, which is certainly the most favorable to the plaintiffs ;

and still we must hold the discontinuance regular, if it had been actually entered. What has been done, is clearly equivalent to an actual discontinuance. The defendant's attorneys requested a rule to be entered ; but the formality was waived. This is not the case of an agreement within the rule which requires a writing between the attorneys. Where an attorney is retained, we will not look for a special authority to do so ordinary an act of practice as the discontinuance of the cause. True, his general power does not extend to a retraxit or release ; because they relate to the cause of action itself ; not merely to the remedy which he is retained to conduct. But he may do all ordinary acts in the prosecution of the suit ; or the final disposition of it.

Besides, here were instructions given to the attorney to suspend the suit. This is admitted by the plaintiffs. If these instructions have been misconstrued by the attorneys, it is better that their clients should suffer, than the opposite party.

On the whole, we think a rule to discontinue must be granted ; and this precludes the question as to the exoneretur. The bail are relieved as a consequence.

Rule to discontinue granted.