POTTER v. PARSONS et al.

1. APPEARANCE BY ATTORNEY: PRESUMPTION. When the record shows an appearance by attorney, the presumption is that such appearance was authorized.

2. AGREEMENT BY ATTORNEY. An attorney for a defendant in an action on a promissory note, may make a valid agreement for judgment against his client and a stay of execution.

Appeal from Lee District Court.

MONDAY, DECEMBER 15.

CREEL made his note to Parsons & Co., the complainant indorsing the same. To a suit on the same, Creel plead usury, and Potter a general denial. By agreement the pleas were all withdrawn and a judgment entered for the amount of the note and interest, assessed at $336.60, with

a stay of execution for nine months. This was in September, 1859. Potter was at that time out of the State, negotiating a loan of money. In October he wrote to the respondents, H. K. Love & Co., to make such deposits with the Clerk of the District Court as would show that his property was unincumbered. They accordingly gave to the Clerk a certificate of deposit, dated October 17, payable in thirty days, in currency, for an amount covering all judgments against Potter, including the one in favor of Parsons & Co. This was delivered to Parsons & Co., who paid to the Clerk the balance in money over and above their judgment, and was presented for payment on the 16th of November. It was not then paid, for the reason that the makers claimed "three days' grace." On the 17th November, Potter filed this bill, setting out the above facts, and in addition thereto that he was the surety of Creel, that he employed no attorneys to defend or appear for him in that action on that note, that time for payment was extended for nine months without his knowledge or consent, and that he was thereby released. He asked and obtained an injunction to restrain the payment of the certificate of deposit, and praying to be discharged from said judgment. Parsons & Co. on the day after, and after the injunction was served, sold the certificate to Connable & Smith. Parsons & Co., H. K. Love & Co., Leech, the Clerk, and Connable & Smith, are made respondents. The cause was heard on bill, answer, the cross-bill of Connable & Smith, answer thereto, replication, depositions and exhibits, and the bill of Potter dismissed. From the decree, complainant and H. K. Love & Co. appeal.

*Lowrie & Miller* for the appellants.

*Rankin & Miller* for the appellees.

WRIGHT, J. — It is claimed that Potter never authorized any attorneys to appear for him in the action at law, that if he did they had no authority to make an agreement to extend the time of payment, that such extension discharged him, that the certificate of deposit was not negotiable, that it was due at the time it passed into the hands of Connable & Smith, that the institution of this suit and the service of the writ of injunction was notice to all the parties of his equities, and that Connable & Smith, therefore, stand in no better relation than the original beneficial holders, Parsons & Co., though they were not served nor made parties until after their purchase of the same.

Without discussing all these propositions, there is one ground upon which it seems to us this decree must be affirmed. The testimony does not satisfy us that Marshall & Clemens, who appeared for Creel and Potter in the law action, did not have authority to appear for both. This proposition is affirmed by complainant. The record shows affirmatively that they did appear, filed his answer, and consented to judgment. It is incumbent upon him to disprove the presumption of authority, so far as the appellees are concerned, arising from such appearance. On this subject the testimony is too indefinite to satisfy us that they appeared without authority. And that they might, within the scope of their proper duties, make an agreement in writing (as they did) for judgment, and an extension of the time of payment, as was done in this case, we entertain no doubt. It is manifest that complainant left the matter in Creel's hands, that he expected the attorneys retained by Creel to attend to his interest, and that by their action he expected to be bound. There is no pretense of fraud on the part of these attorneys, nor that Parsons & Co. had any intimation that they had not full authority in the premises. Upon this subject see the following cases: *Alton* v. *Gilmanton*, 2 N. H., 520; *Talbott* v. *McGee*, 4 Mon., 377;

*Pike* v. *Emerson*, 5 N. H., 393 ; *Gaillard* v. *Smart*, 6 Cow., 385 ; *Buckland* v. *Conway*, 16 Mass., 396.

And if the case is put upon the ground that this was a compromise, and as such his attorneys had no right to make it without special authority, the answer is that even then a Court would not interfere unless it was so unreasonable as to warrant a belief that the attorney was imposed upon, or did not exercise his judgment fairly. *Holker* v. *Parker*, 7 Cranch, 436. Nothing of the kind is shown in this case.

Affirmed.