## N. Y. SUPERIOR COURT.

CHARLES QUINN, administrator, &c. agt. JAMES T. LLOYD.

An *attorney* who, without the consent or knowledge of his client, upon receipt of
$50, gives a stipulation to vacate a judgment for over $1,200, pending an appeal
thereon, and consenting to a new trial, thereby releasing the sureties on the appeal
bond, exceeds his authority and violates his duty as an attorney.

Such stipulation being given after the attorney had given his client a *consent for substitution* of another attorney, he was also precluded by such consent from giving
the stipulaton, although no order had been entered upon such consent.

*Special Term, December* 26, 1868.

McCUNN, J. This is a motion to set saide a stipulation
given by an attorney without the consent or knowledge of
his client, vacating a judgment, which judgment was pending
on an appeal to the general term of this court, and which
was amply secured on the appeal. It is claimed that the
defendant against whom this judgment was obtained is insol-
vent and has left the state, and that the only opportunity
left for plaintiff to receive satisfaction of his claim is any right
or claim he may have acquired by virtue of the bond on
appeal, and that as the consent vacates the judgment the
bondsmen on the appeal are released.

It is quite clear, from the affidavits in the case, that the
attorney for the plaintiff exceeded his power in giving such
a consent. The judgment was for over one thousand two
hunderd dollars, and was obtained in May last. A motion
was made for a new trial, upon the ground of newly discovered
evidence, and denied by this court. Subsequently, an appeal
was taken to the general term, and when that appeal was
pending, and when the party plaintiff in interest was absent
for his health from the state, his attorney agreed and accept-
ed fifty dollars and vacated the appeal, and sent the cause
back to the calendar for a trial by jury.

Now, this was all done by the attorney after he had signed and delivered a consent of substitution—a consent, although no order was entered thereupon, yet a consent which was known to exist by defendant's attorney. The excuses offered to this court by the two attorneys (plaintiff's and defendant's) for their course in this respect are of the most trifling and unreliable kind, and must not be allowed to stand in the path of justice, if it be in the power of this court to remedy the same.

Before I assign my reasons for believing that the consent to vacate this judgment is null and void, I will call the attention of those interested in this case to the statutes of this state covering such transactions:

"Any attorney who shall be guilty of, or consent to, any deceit or collusion, with the intent to deceive the court or any parties, shall be deemed guilty of a misdemeanor." (2 *R. S.*, 278, *Laws of* 1813).

"Any attorney found notoriously in default of record, or guilty of any deceit, or malpractice, or misdemeanor, may be suspended or put off the roll," &c., &c. (1 *R. S.*, 417, § 5.)

Again, the Revised Statutes declare that the delaying suit, or wilfully receiving money on account of disbursements not made or incurred, forfeits treble damages.

These and other acts were passed in order to protect clients and suitors, as far as possible, from just such practices as have been resorted to in this case. Of all professional men, none should be so strictly held to an honorable course as the attorney and counsellor, because they know, or are presumed to know, their duties, and the responsibilities attached to those duties; therefore, their every act should be scrutinized by the courts in which they practice, and any errors committed by them, or delinquencies perpetrated, should be repaired or punished at once.

I know that the rule has been insisted upon that an attorney under certain circumstances can discontinue his suit at any time, and allow his client to seek a remedy through

another advocate; but this he must not do to the prejudice of his client. An attorney cannot, by taking part of a claim in judgment, or one in litigation, satisfy the whole. This rule has been so frequently held that it has almost become elementary. When the judgment has become well secured on appeal, as the one under discussion has been, and where the defendant has left the state and is entirely worthless, an attorney for plaintiff does more than an ordinary act in the premises when he consents to a new trial, because he thereby releases the sureties, the only real parties upon whom he or his client could call for a payment of his just claim. This rule was laid down in the case of *Gaillard* agt. *Smart* (6 *Cow.* 385).

In the case of *Shaw* agt. *Kidder* (2 *How. P. R.* 224), it was held that an attorney could not settle a suit and conclude his client in relation to the subject in dispute, without special authority.

It may be argued that the consent to a new trial was not a settling of the suit in this case. It was, however, a settlement to all intents and purposes, for it released all responsible parties connected therewith and against whom any claim could be made of any responsibility.

The doing of an act by an attorney whereby the interests of his client would be injured or ruined, as in this case, is not the performing of his ordinary duties in the suit; I shall hold that it is doing that which he has no right to do, nor has he, nor the counsel on the other side, any right to connive at; and I shall further hold that no advantage can be taken of such a consent, neither by the defendant in this action nor by his securities on appeal.

The rule is that an attorney has all the authority for the conducting and managing an action, and for the collection of the debt; there, however, his services end; his authority goes no further. Indeed he has no further or greater authority for the benefit of his client, although he may think he has. Now

he had no right to compromise a debt or take a part and give a satisfaction piece for the whole. He has no right to bind his client to an appeal bond, althought it may be for his client's interest.

He cannot compromise and discontinue a suit brought to recover possession of lands, even if he gets a conveyance of the greater part of the land in dispute. This is the doctrine laid down in the cases of *Holber* agt. *Parker* (7 *Cranch*); *Murray* agt. *House* (11 *J. R.*); *Lane* agt. *Grammage* (1 *Pick.*); and *Filby* agt. *Miller* (25 *Pick*).

The doctrine strictly applicable to this case is the rule in equity laid down in the case of *Howe* agt. *Lawrence* (2 *Zab. N. J. R.* 29), tried in the court of chancery, New Jersey. Indeed it is a case right in point. There it was a stipulation to grant a new trial; here it is a like stipulation. The chancellor, in his opinion setting aside such a stipulation, says: "The stipulation to waive a judgment and grant a new trial was not an agreement for the conduct of the case; it was a deliberate surrender of his client's rights, a surrender which I conceive the counsel has no power to make, and which, if he had the power, justice would never permit to be enforced." * * * This is just and righteous language, and I shall adopt the principle contained therein in guiding me in the disposal of this case. The same rule was established in the celebrated case in New Hampshire (*Pike* agt. *Emerson*, 5 *N. H. R.*), where the judge held that the court has the power, without doubt, in a case of fraud or mistake, to relieve a party from the effects of such a stipulation. It operates thus: that the plaintiff in this action would be justified in proceeding with his remedy against his attorney; but the rule is now settled, and it is the just rule and practice, for the court to relieve the client without reference to the responsibility of his lawyer. It would be a harsh rule—indeed, it would be unjust—to permit one party to obtain an undue advantage over another by reason of the negligence or misconduct of that other's attorney. Such was the equitable

rule held by our supreme court in the case of *Sharp* agt. *The Mayor*. I can cite a large number of cases, all establishing beyond a doubt my right to interfere and set aside the agreement or stipulation in question; but even if there were not a single authority in the books to warrant my course, I would be justified—reasoning from principles rather than decisions—in not allowing our courts to be used by parties in perfecting, through the forms of law, the ruin of a party who has employed a negligent or unworthy attorney. I shall further hold, in this case, that the consent for substitution given by the attorney to his client precluded said attorney from acting in the action, notwithstanding no order had been entered upon that consent, and that consequently his action afterwards in granting a new trial, on the payment of fifty dollars, was illegal and void. The stipulation must be vacated and set aside as null and void.