J. M. KILMER v. D. W. GALLAHER, Appellant.

**Attorney and Client:**   AUTHORITY TO CONSENT TO JUDGMENT.   Where an assistant counsel under a general employment, without the knowledge of his client or of the principal attorney, consented to the entry of judgment against his client as part of a compromise of a pending suit, such judgment was void, since it was beyond the authority of an attorney, under mere general employment, to consent to a judgment against his client.

*Appeal from Harrison District Court.*—HON. WILLIAM HUTCHINSON, Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF sued for an amount due him of $722.54, and took an attachment against the property of the defendant that was levied thereon.   Defendant presented a counterclaim for the wrongful suing out of the attachment, claiming, including exemplary damages, $1,220.   The cause was tried to a jury, and the court in its instructions told the jury that plaintiff was entitled to recover the amount of his claim, and submitted the cause on defendant's counterclaim.   The jury returned a verdict for defendant for $475, and found specially that the attachment was wrongfully sued out, but not maliciously, and returned specially that it allowed defendant as actual damages $25.   Defendant presented a motion for a new trial, and while it was pending an assistant counsel

for defendant, without the knowledge of his client or of the principal.attorney, agreed to a settlement of the case by permitting a judgment to be entered for plaintiff for $722.54 and statutory attorney's fees, and against plaintiff for $75 as attorney's fee for defendant's attorney, and by the agreement the attached property was turned over to plaintiff, to be credited on the judgment at the agreed price of $475. Thereafter defendant filed a motion to set aside the judgment, which the court overruled, and from such ruling the defendant appealed.—*Reversed.*

*H. L. Robertson* and *W. H. Killpack* for appellant.

*Roadifer & Arthur* for appellee.

GRANGER, C. J.—It is an undisputed fact that the attorney for defendant agreed to a settlement of the case and a judgment against his client, without his knowledge or consent, and he was an attorney under a general employment. In *Rhutasel v. Rule,* 97 Iowa, 20, we cited and quoted from *Ohlquest v. Farwell,* 71 Iowa, 231, and held that an attorney under a general employment had no authority to consent to judgment against his client, or waive any cause of action or defense in his case. We approved the same rule in *Martin v. Insurance Co.,* 85 Iowa, 643. The case of *Bigler v. Toy,* 68 Iowa, 688, holds to the same rule. In that case a compromise was made by an attorney for plaintiff, and this court said: "We are of the opinion that the compromise in no respect binds the plaintiff, because Irwin had no power or authority to make it." It is true the case relies upon the rule as to an attorney with a claim for collection, that he cannot receive in payment less than the amount due; but the compromise was in a pending action, and the case seems to hold that the rule as to authority extends to a suit in which the claim is involved. Appellee refers us to the case of *Potter v. Parsons,* 14 Iowa, 286. The cases we have cited are all

since the *Potter Case,* and in one of them it is referred to, and it seems to have been the view of the court that the rule we have stated obtains notwithstanding. The case refers to *Holker v. Parker,* 7 Cranch, 436 (3 L. Ed. 396). We have examined the case, and, while it contains the language on which this court then relied as to a compromise by an attorney, the case holds in clear language such a compromise to be, in itself, void. If void, we do not see how such a compromise can be sustained merely because not so unreasonable in itself as to be exclaimed against by all. A void thing is entirely without force or validity for any purpose. Even as a judgment it is assailable directly or indirectly, and at all times. It has no more validity if reasonable than if unreasonable. In fact, the *Holker Case* no more than says the court would be disinclined to disturb a judgment obtained by such a compromise, which was not so unreasonable in itself as to be exclaimed against by all. It is not a positive statement of a rule of law, but, rather, what might be the leaning of the court under such a state of facts. In view of all the authorities, we are disposed to adhere to the rule so often stated, that an attorney, under a general employment, has no authority to consent to a judgment by compromise against his client. With this conclusion, the judgment must be REVERSED.