J. M. KILMER, Appellant, v. D. W. GALLAHER.

Attachment.   ACTION ON BOND:   TAXATION OF ATTORNEY'S FEES.  In an action on an attachment bond, the taxation of attorney's fees is limited by Code, section 3887, to fees earned at the time judgment is rendered in the district court; neither the district nor the appellate court has any authority to tax fees for the prosecution of an appeal.

Same.     In an action on an attachment bond defendant recovered a verdict which never went to judgment by reason of an unauthorized settlement made by one of his attorneys. On a retrial of the case, after reversal on appeal, the trial court refused to allow attorney's fees for services on the first trial as part of the damages on the attachment bond.  Held, not an improper exercise of the trial court's discretion.

*Appeal from Harrison District Court.*—HON. N. W. MACY, Judge.

FRIDAY, MAY 22, 1903.

THE plaintiff sued on a note and attached the defendant's property. The defendant counterclaimed on the bond and recovered a judgment thereon against the plaintiff. Both parties appeal. The plaintiff will be termed the appellant.—*Affirmed.*

No appearance for appellant.

*H. L. Robertson, W. H. Killpack* and *Bolter & Bolter* for appellee.

SHERWIN, J.—The appellant has filed no argument, and his appeal is therefore dismissed. This case has been twice tried in the district court, and this is the second ap peal to this court. The first trial below resulted in a verdict for the defendant, but, before a judgment was rendered thereon, one of the defendant's counsel agreed to a settle- ment of the case whereby a judgment was rendered against the defendant on the note, and against the plaintiff for an attorney's fee of $75. The settlement was held invalid by this court (see *Kilmer v. Gallaher*, 112 Iowa, 583), and upon a retrial of the case in the district court the defend- ant was allowed an attorney's fee of $150, but the court credited thereon the $75 paid to the defendant's attorneys under the former judgment. Section 3887 of the Code is

1. ATTACHMENT; action on bond: attor- ney fees; tax- ation of. the only statute we have permitting the taxation of an attorney's fee as a part of the costs which may be recovered in a suit on an attachment bond, and without this statute no such fee could be allowed. *Vorse v. Philipps*, 37 Iowa, 428. That such fee, when allowed, is to be taxed as a part of the costs, is held in *Weller v. Hawes*, 49 Iowa, 45; *Union Mer- cantile Co. v. Chandler*, 90 Iowa, 650. The only authority given the district court by this statute is to allow a rea- sonable fee for the prosecution of the action in that court. It does not permit the court to allow an additional amount for the prosecution of, or defense to an appeal to this court, because to so hold would give that court the power to determine what costs on appeal should be paid by either party, which is a matter exclusively within the jurisdic- tion of this court, except where otherwise provided by law. Furthermore, the language of the statute clearly shows that the allowance is to be limited to the fee earned at the time final judgment is rendered in the district court, for it is a part of the costs which follow the trial and determination there that the attachment was wrong-

fully sued out. This being true, the district court properly refused to allow the appellee an attorney's fee for the
prosecution of the former appeal.   Nor does the statute
under consideration authorize this court to allow a fee for
the trial of such cases here, and no case has been called to
our attention which holds that we have such power.

On the last trial of the case the court refused to allow
the defendant an attorney's fee for the first trial, and of
this complaint is made.   We are not disposed, however,
to interfere with this ruling.   The law pro
**2. SAME.**   vides that the attorney's fee shall be fixed by
the court, and that it shall be reasonable.   It cannot be
said that the language used compels the court to tax any
fee which the testimony may show to be reasonable, regardless of its own conception of such reasonableness after
having heard the case tried, because such a construction
would deprive the court of all discretion in the matter,
while the statute itself manifestly intends to give such
discretion.   Upon the original trial the defendant obtained
a judgment against the plaintiff, the benefit of which he
lost through the action of one of his attorneys, and without any fraud or collusion on the part of the plaintiff.
The second trial resulted from that action, and it would
be a manifest injustice to compel the plaintiff to pay for
the services of an attorney which were rendered entirely
useless without fault on his part.   What we have said on
the last point applies also to the contention that the $75
paid to the defendant's attorneys under the settlement
should not be credited on the amount allowed on the last
trial.   The money was paid in pursuance of a settlement
which the plaintiff might well presume the defendant's
attorneys had authority to make.   The settlement and the
judgment rendered thereon were repudiated by the defendant, and shown to be without his authority, but the
money paid to the attorneys they still retain; and surely,

when he asks that he be allowed compensation for those attorneys, it is but just that the amount already paid to them for their services to him be deducted from the amount so allowed.

The defendant's motion for an allowance on this appeal is disposed of by what has already been said, and must be overruled. The motion for damages under section 4141 of the Code is sustained, and the amount thereof fixed at $15.

The judgment is AFFIRMED.