Price, J.
The defendant in error brought suit against the plaintiff in error, before William B. Moore, a justice of the peace for Poland township, Mahoning county, to recover compensation in the sum of three hundred dollars for injuries alleged to have been sústained by him while he was in the employ of said company as a coal miner. The bill of particulars was filed on the 23d day of April, 1906; a summons for the defendant was issued and served. In addition an endorsement appears on the writ as follows: “Defendant accepts service. Jacob Stambaugh, President.” The return day was April 27, 1906, at 9 o’clock a. m. By consent of parties the case was continued to May 1, 1906, same hour. The record shows that on that day the parties appeared and by consent the case was continued to May 2,1906, 1 o’clock p. m. On that day, as the transcript shows, the following occurred: “May 2, 1906. Emil J. Anderson appeared as attorney for the defendant and confessed judgment in favor of the plaintiff in the sum of $300 and against defendant and for costs and gave notice of appeal. It is therefore considered and adjudged by me that plaintiff recover from defendant the sum of $300 debt and costs herein taxed at $-. W. B, Moore, Justice of *460 the Peace.” On the 28th of May, same year, defendant moved that the docket entry be corrected to read: “Judgment by default” instead of “confessed judgment.” This motion was overruled on May 31, and defendant excepted.
On the day judgment was entered, the defendant filed an appeal bond which was in due form and which was approved by the justice on the 10th of May, 1906. On the 31st of May, 1906, a transcript from the docket of the justice was filed in the court of common pleas. On August 3, 1906, the plaintiff filed a motion to dismiss the appeal, which was sustained on the 22d of September, 1906, and the appeal was dismissed. On October 12, 1906, the defendant filed a motion for rehearing, which was sustained October 18, same year, and cause reinstated, and on January 11, 1907, the court overruled the motion to dismiss the appeal.
The record shows the next step was taken May 6, 1907, when the court dismissed the action for want of prosecution. The entry reads: “The plaintiff failing to file an amended petition, the court for that reason dismisses the action for want of prosecution,” to which plaintiff excepted. Judgment was rendered against pla’intiff for costs.
Thereupon Zappio filed his petition in error against the plaintiff in error in the circuit court of Mahoning county, to reverse the judgment and orders of the court of common pleas. The errors assigned in that court were: “First. The court erred in overruling the motion of plaintiff in error to quash the appeal. Second. The court erred in assuming jurisdiction in the premises, other than, to dismiss the appeal and render judgment for *461 costs. Third. The court erred in rendering judgment against the plaintiff in error.”
The circuit court reversed the judgment of the common pleas and rendered the following judgment:'“It is therefore considered by this court that the judgment and decision rendered_ by the said court of common pleas be reversed and held for naught at costs of defendant in error, and the court further proceeding to render such judgment as the court of common pleas should have rendered, find that the motion to quash and dismiss the appeal is ■ well taken and hereby doth grant the same. It is therefore considered by the court that the motion to quash the appeal be sustained and the appeal taken from the magistrate court to the court of common pleas be dismissed at costs of defendant. To all of which judgment and order the defendant in error excepts.”
The coal mining company prosecutes error in this court to reverse said judgment.
We are disposed to consider the several points of error involved in inverse order to that adopted in the brief of the plaintiff in error, because from any viewpoint, the validity of the judgment rendered on confession of the coal company by its attorney, is necessarily to be determined. If the judgment so rendered upon its face is invalid; if an attorney could not legally confess judgment for his client in the case then pending before the justice, the same was not only irregular but void, inasmuch as the justice had no authority to recognize the effort of the attorney and enter such a judgment. In that event the judgment on its face would appear to be void, and might be wholly disregarded or collaterally impeached. On the other *462 hand if such confession was apparently within the authority of the attorney, a judgment so confessed is not void on its face, and while in force must be treated as other judgments on confession.
The transcript from the docket of the justice shows that on the day to which the case had been continued by mutual consent of the parties, “Emil J. Anderson appeared as attorney for defendant and confessed judgment in favor of plaintiff in the sum of $300 and against defendant, and for costs, and gave notice of appeal.” The defendant had been regularly summoned and one continuance had to May 1st. On that day the ■ “parties appeared and by consent case was continued to May 2d at 1 o’clock p. m.” On that day the confession was made. The justice had obtained jurisdiction over the subject-matter and of the defendant, and this jurisdiction was unquestioned when the judgment was rendered. According to the foregoing entry immediately following the judgment so entered on confession by the attorney, he gave notice of appeal. That act was not repudiated, for we see that an appeal bond was given and-approved, and with it a transcript of the docket entries, etc., were duly filed in the court of common pleas.
If the judgment so rendered is considered as a “judgment rendered on confession” then no appeal from it could be lawfully taken to the court of common pleas. In other words, such judgment is final. Section 6596, Revised Statutes, provides that an appeal shall not be allowed in a case where judgment is rendered on confession.
What then is the standing of the judgment under consideration? It is not governed by Section 588, Revised Statutes, for that relates to a *463 party appearing before the justice without process and confessing an indebtedness, in which case on the application of the creditor judgment may be rendered for the amount confessed.
In answer to the foregoing question we are of opinion that in a case attended by the facts appearing in the record and which have been quoted- from the transcript, an attorney has power to confess judgment for his client, and that such power will be implied, where nothing to the contrary appears, and the record of the judgment is prima facie evidence that the attorney who confessed it was properly authorized. See 4 Cyc., 936. And in 23 Cyc., 701-2, it is said that “as a general rule a confession of judgment can be made only by defendant himself, or by some person duly authorized to act for him in that behalf. The authority of an attorney at law appearing in open court will be presumed until the .contrary is shown, but this is not so in the case of an attorney in fact. An agent acting within the scope of his authority and- to the extent of it, may confess judgment against his principal.”
The latter proposition -is made by no less authority than Black, author of the treatise on judgments.
It has not fallen to the lot of this court to pass directly on this question, but we may infer support from both statute and decision.. As counsel for plaintiff in error states, there is no section in the statute regulating procedure before a justice of the peace that expressly directs how he may entertain jurisdiction on a confession of judgment-in open court, even by a defendant in person, but the practice may be borrowed from that prevailing in *464 the court of common pleas. But in Section 6581, we have the following as to a case before a justice: “If the defendant, at any time before trial, offers in writing to allow judgment to'be taken against him for a specified sum, the plaintiff may immediately have judgment therefor with the costs then accrued” and then provides that if plaintiff reject the offer and fail to recover a greater sum, he cannot recover costs. In Carpenter et al. v. Kent’s Admrs., 11 Ohio St., 554, it was held that a writing signed by the defendants by their agent and read in the presence of the parties to the plaintiffs by the agent, offering in its terms to allow plaintiffs to take a judgment in the case for a specified sum against defendants and delivered to the justice, is an offering in writing as contemplated by the statute, although the names to the offer are signed by an agent. We have here also a method by which a justice takes and exercises jurisdiction on offers to confess judgment. If the offer should be for the whole amount claimed, the justice still would have jurisdiction to render judgment. There the agent signed the names of the defendants to the offer and appended his own name as their agent. The offer was held binding under the circumstances. We think under this statute, jurisdiction is conferred upon a justice of the peace to render judgments on confession, whether it be a confession of part, or confession of the whole claim. A defendant can appear in person in that court and confess judgment for the entire demand of plaintiff. And a confession of judgment made by his attorney after court had obtained complete jurisdiction of person and subject-matter is prima facie valid.
*465 There are many cases whicn support the text above quoted. Some of them speak of the question as a judgment by consent through the attorney, others of judgments on confession by the attorney. We give some of such decisions.
In Arnold v. Nye, 23 Mich., 286, it was held that where the record of a judgment discloses that an attorney of such court assumed to answer for a defendant and consented in writing that judgment might be entered against him, the court will assume in the absence of any evidence to the contrary that such attorney was duly authorized. This would be sufficient evidence of jurisdiction of the parties.
In Dockham et al. v. Potter, 27 La. An., 73-75, it is said, that an attorney at law who consents to a judgment, as was done by Haynes in this case, is presumed to have, authority to do so. “This,” says the court, “was expressly decided in the case of Dangerfeld v. Thurston’s Heirs, 8 N. S., 235, and nothing to the contrary has ever been held by this court. If the plaintiff desired this court to notice the suggestion that the attorney at law who consented to the judgment now complained of, in her behalf, had no authority to do so from herself and her husband, she should have alleged the fact under oath, which has not been done.”
Denton v. Noyes, 6 Johnson, (N. Y.), 297, is a case bearing somewhat on the present question and the opinion written by Chancellor Kent is worthy of consideration.
In Price v. Ward et al., 1 Dutcher’s Reports, 225, the supreme court of New Jersey held that, “in an action upon a judgment, want of authority in the attorney by whom the appearance of defend *466 ant was entered, or judgment confessed, may be shown in avoidance of the judgment. The record is prima facie evidence ■ that the attorney who appears to the suit, or confesses the judgment is duly authorized for that purpose.”
An important case is found in Wilson v. Spring, 64 Ill., 14. The third, fourth, fifth and sixth sections of the syllabus are quite in point. In the opinion, Justice Walker, on page 18, says: “It has, so far as we are aware, never been contested that an attorney retained in a case, may on the trial, make admissions and waive rights of his client, which will be as binding as if made by himself. This is necessary from the very nature of the employment. If wrongfully made, he is liable to his client for the injury he sustains thereby. * * * It has been repeatedly' held that an attorney may admit facts on the trial, or in pleading, waive a right of appeal, review, notice, etc., and confess a judgment.” See also Dobbins v. Dupree, 39 Ga., 394; Potter v. Parsons et al., 14 Ia., 286; Flanigen v. City of Philadelphia, 51 Pa. St., 491.
The supreme court of Indiana in Thompson et al. v. Pershing et al., 86 Ind., 303, laid down the proposition that, “an attorney has, by virtue of his employment in a cause, such power to agree to the entry of a judgment, that his client will be bound thereby, and if, in doing so, he violate instructions, he will be responsible to the client.” See also Martin v. Judd, 60 Ill., 78; Harper v. Cunningham, 5 Appeal Cases D. C., 203. We forbear citing other cases although they are numerous.
According to the principles maintained by the above authorities, the plaintiff had a judgment in his favor on confession by an attorney in open *467 court whose authority to so confess is presumed until the contrary is made to appear. This confession was made before the justice on the 2d of May, 1906, and at once the attorney gave notice of appeal, which was afterwards perfected.
On the 28th of the same month and year, the defendant moved that docket entry be corrected to read: “Judgment by default” instead of “confessed judgment.” It seems that decision on this motion was reserved until May 31, at 9 o’clock a. m., when it was overruled. We are not informed as to what evidence was offered, if any. Whether anything further was done to have the decision of that motion reviewed we do not know. If the attorney acted without authority in confessing the judgment, we are not advised by the transcript that it was attempted to be shown on hearing of that motion, and h'is authority is still presumed.
After the case reached the court of common pleas on the effort to appeal, we find that the defendant filed a motion in that court to correct or impeach the entry of judgment rendered by the justice; that it should read “judgment by default” instead of “confessed judgment.” That motion failed. It was not claimed that the attorney was without authority to confess judgment, but the motion seemed to imply that he had authority to ask the justice to enter judgment by default.
The plaintiff filed no petition in the court of common pleas, and it is recited in the record of the court of common pleas that, “the plaintiff failing to file an amended petition the court for that reason dismisses the action for want of prosecution.” These acts of the court place the parties in a unique position. If the case was not appealable, and on *468 the record we so hold, the plaintiff had ¡a right to a dismissal of the appeal and could rely ron it. He could not be compelled to file a petition and enter upon a full or further litigation to obtain redress. He resorted to the proper method of testing the appeal. His motion was first sustained and later overruled. He was under no obligation to file a petition if he was right on his motion to dismiss. He did not take the case to the court of common pleas and was not required to keep it there. What should be done?
The plaintiff in error claims that refusing to dismiss an appeal is not a final order upon which error can be prosecuted. In Thatcher v. Watson et al., 51 Ohio St., 561, (a memorandum case) this court reversed a judgment, “for the reason that the order of the court of common pleas, overruling the motion to dismiss the appeal, is not a final order upon which error can be prosecuted.” With this as a general rule we are still satisfied.
But plaintiff in error goes further and claims that the order or judgment of the court of common pleas dismissing the action for want of prosecution was not a final order that could be reviewed on error in the circuit court. These two contentions, if sustained, would make a deadlock.The plaintiff must file a petition and litigate, where he has a judgment on confession before the magistrate, and be defeated in the court of common pleas, before he can have a review of the judgment refusing to dismiss the appeal, because the latter is not a final order. If he declines to file a petition and litigate on the appeal, and the ‘court dismisses the action which defendant took there, for want of prosecution on the part of the plain *469 tiff, there still is no final order upon which error can be prosecuted. This would seem to be a legal paradox. ■
The pendency of the case on an alleged appeal was an obstruction to a direct review of the judgment refusing to dismiss the appeal. According to Thatcher v. Watson, supra, such refusal is not a final order. What shall the court do in such case where the plaintiff fails to file a petition and insists that his judgment on confession has not been suspended or vacated by the attempted appeal? Must the case continue on the docket without any issue being made?
The reason assigned by the court for dismissing the action may be a wrong reason. The action zvas dismissed , by the court, and that ended that action within the meaning of Section 6707, Revised Statutes. It provides: “An order affecting a substantial right in an action, when such order determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this title.”
The dismissal was not made without prejudice, and while it might not bar a new suit on the same cause of action, it was an order which determined the pending action and thereby prevented a judgment other than the dismissal.
Furthermore, by reference to the original transcript of the record in the court of common pleas, we find that that court rendered a judgment against the plaintiff for costs. We think that order of dismissal and judgment for costs termi *470 nated that action, and is a final order within the meaning of said statute.
The circuit court reversed this order of dismissal and judgment for costs.
Therefore there was a foundation for the judgment of the circuit court reversing the order of final dismissal and judgment for costs. This paved the way to reach the judgment on the motion to dismiss the appeal, and the circuit court held that the case was not appealable, sustained the motion and dismissed the appeal. With this we find no fault.
If we are right in our regard for the confessed judgment, the plaintiff in error had no standing in the court of common pleas. It had no legal right to take the case there on appeal, and therefore its legal rights have not been prejudiced by the action of the circuit court, and its judgment should be’ affirmed.

Judgment affirmed.

Crew, C. J., Summers, Davis and Shauck, JJ-, concur.