DOROTHY M. KEEFE, appellant, v. JOSEPH W. KEEFE, appellee.

No. 52015.

JUNE 14, 1966.

Stewart, Miller, Wimer, Brennan & Joyce, by Robert W. Brennan, of Des Moines, for appellant.

Mahoney, Jordan, Statton & Smith, by Robert E. Mahoney, of Boone, for appellee.

SNELL, J.—This is a continuing controversy between husband and wife. Dissonance, incompatibility. and recrimination have been previously established. It is difficult to find anything in the record that would appeal to the conscience of a court of equity.

Plaintiff-wife sought generous support under the provisions of the Uniform Support of Dependents Law, chapter 252A, Code of Iowa. She appeals claiming the award by the trial court was inadequate. Defendant-husband cross-appeals because plaintiff's right to separate maintenance has been previously adjudicated adversely to plaintiff.

Plaintiff and defendant were married in June 1953. They have no children. It has been previously determined that their use of intoxicants did not produce amiable dispositions. Peace and harmony did not prevail.

On September 9, 1964, plaintiff filed her petition for divorce. She sought and on September 10, 1964, obtained an order re-

straining defendant "from coming upon or occupying the premises of the plaintiff" i.e., the parties' home, or in any manner interfering with or molesting plaintiff. In compliance with the court's order defendant moved out and has never returned to the home.

On October 7, 1964, plaintiff amended her petition and sought separate maintenance rather than divorce.

An allowance for temporary support and temporary attorney fees was made and paid.

Issues were joined and the case was tried.

The court found "that the defendant's actions toward his said wife are certainly not exemplary and cannot be condoned. Nevertheless, they fall far short of the requirement of being such conduct that would endanger the health or life of the plaintiff. The court further finds that the plaintiff is not completely free from fault * * *."

Recrimination was clearly involved. The court by order filed February 5, 1965, dismissed plaintiff's action.

Within a very short time plaintiff started this action for support. Defendant promptly discontinued the cash payments to plaintiff but has made the house payments and has paid all taxes and insurance. Plaintiff has continued her occupancy in the family home.

Plaintiff has not been without funds. She promptly withdrew from a joint savings account $4900 for her own use. Three months and nine days later she had $3250.

■ I. " 'That a husband is bound, both in law and in equity, for the support and maintenance of his wife is a proposition hitherto and now undisputed.' " Avery v. Avery, infra, loc. cit. 11 of 236 Iowa. The right to support, however, is not necessarily the same as the right to separate maintenance.

■ Separate maintenance is not a statutory action as is divorce. It is well settled, however, that as a general rule a decree for separate maintenance will not be granted to a wife unless the husband's conduct has been such as to justify a divorce. There is an exception to this general rule where a husband deserts or abandons his wife without just cause. He may be compelled to furnish support even though the full two-year

period necessary to procure a divorce has not elapsed. The reason for such an exception is obvious. Russell v. Russell, 150 Iowa 137, 129 N.W. 835; Avery v. Avery, 236 Iowa 9, 17 N.W.2d 820, and cases cited therein.

In the case at bar the question of separate maintenance under the general rule is res judicata. Peters v. Peters, Division III, infra. Plaintiff's claim therefor has been tried and denied. There has been no change in circumstances. The issue here is plaintiff's right to support in the family home, the defendant being no longer subject to a restraining order.

II.  Chapter 252, Code of Iowa, provides for support of the poor. It was found inadequate in dealing with deserting and defaulting husbands and parents and wholly inadequate where the defaulting husband or parent was in another state. To aid in enforcing the common-law duty to support, the Fifty-third General Assembly in 1949 enacted the Uniform Support of Dependents Law now appearing as chapter 252A, Code of Iowa.

It may be that the primary purpose of the law was to provide machinery to force absconding fathers to furnish support through reciprocal procedure with other states but the statute is not so limited. Section 252A.1 says: "Title and purpose. * * * The purpose of this uniform chapter is to secure support in civil proceedings for dependent wives * * * from persons legally responsible for their support."

Section 252A.3 provides: "Husband liable for support. * * * A husband in one state is hereby declared to be liable for the support of his wife * * * found in the same state * * * and, if possessed of sufficient means * * * may be required to pay for their support a fair and reasonable sum according to his means * * *."

In Davis v. Davis, 246 Iowa 262, 67 N.W. 2d 566, we considered the law extensively and held that chapter 252A is generally applicable and available to compel support.

III.  Defendant-appellee argued in the trial court and argues on appeal that the denial of separate maintenance is res judicata of plaintiff's right to support under chapter 252A, Code of Iowa. We do not agree. Section 252A.8 provides:

"Additional remedies. This chapter shall be construed to

furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter."

In the separate maintenance action plaintiff sought support away from her husband and with her husband barred from the family home. The court found she was not entitled to such relief and dismissed her action. In marriage a wife as well as a husband has obligations. In the absence of grounds for divorce or separate maintenance a wife may not cause her husband to be removed from their home or refuse to live in the home provided and at the same time preserve her right to live on his bounty. A husband "is bound to make suitable provision for her at his own home only, and if she willfully abandons him without just cause she may not require him to maintain her separately elsewhere." Peters v. Peters, 249 Iowa 110, 114, 86 N.W.2d 206.

In the Peters case the home was abandoned for several months because of floodwaters. Relations had not been harmonious for some time. Unsuccessful actions for divorce and separate maintenance followed. The husband returned alone to the family home and after several months its renovation was completed. The wife never returned home. The husband's request for reconciliation and for the wife's return to the home were rejected as insincere. The wife then sought support under the statute. The court found the husband's proposals and offers were in good faith. It was held that the prior denial of separate maintenance was res judicata of plaintiff's claim to support away from her husband.

In the case at bar plaintiff is living in the home. It is true that she caused his removal but with the dismissal of her action the restraining order against her husband was vacated. It is not for us to speculate as to the reception he might receive but there is now no legal reason why defendant cannot return home. He cannot, by voluntarily living elsewhere, escape his common-law and statutory duty of support.

We conclude that under the factual situation before us the prior separate maintenance action is not res judicata of plaintiff's right to support in the family home.

IV. Defendant is a dentist. He has a good gross income and substantial expense incident thereto. His tax reports show that his net income varies somewhat but approximates $10,000 to $12,000 per year before taxes. The parties have lived well. They have had the expense for club dues, entertainment, a household cleaning lady, a gardener, house payments, insurance of various kinds, two automobiles and a generous personal allowance to plaintiff. Plaintiff in this action itemized what she thought she needed and sought an allowance of $406 per month in addition to house payments, taxes, insurance and a new Cadillac every two years so that she might live in the manner she enjoys. The trial court thought that was too much. We agree. The trial court ordered defendant to continue making payments upon the home, together with the taxes and insurance "which amount to approximately $120 a month", and further ordered defendant *"to pay to plaintiff for her support the sum of $150 per month commencing June 4, 1965, and a like amount on the 4th day of each month thereafter until further order of this court."*

The statutes provide that the husband "may be required to pay a fair and reasonable sum according to his means." They also provide that the court shall have "due regard to the parties' means and circumstances."

In the previous action the same trial court found that plaintiff was not entirely free from fault. Coincident with starting this action she appropriated to her own use about $4900 from the parties' joint account. Under the circumstances we think the trial court was generous.

Defendant has not appealed from the amount of the allowance. In his brief and argument he says if the action for separate maintenance is not res judicata the allowance made should be sustained.

We find nothing in the record before us indicating that we should interfere.

The case is—Affirmed.

All JUSTICES concur.